ORIGINAL

**U.S. Department of Justice**

***Carmen M. Ortiz***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 3, 2016

Daniel W. Cronin, Esq.
Cronin Law Firm
One Exchange Place
Worcester, MA 01608

Re: United States v. Riaz Ali Shah
Criminal No. 16-mj-4221-DHH

Dear Mr. Cronin:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Riaz Ali Shah ("Defendant"), agree as follows with respect to the above-referenced case:

1. Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to an Information substantially in the form attached to this Plea Agreement charging him with: one count of Conspiracy, in violation of 18 U.S.C. § 371, and one count of Naturalization Fraud, in violation of 18 U.S.C. § 1425(a). Defendant expressly and unequivocally admits that he committed the crimes charged in the Information, did so knowingly and willfully, and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties on each count of the Information: for Conspiracy, in violation of 18 U.S.C. § 371, incarceration for five years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; restitution; and a mandatory special assessment of $100; and, for Naturalization Fraud, in violation of 18 U.S.C. § 1425(a), incarceration for ten years; supervised release for three years; a fine of $250,000, or twice the gain or loss, whichever is greater; restitution; and a mandatory special assessment of $100.

Defendant also recognizes that pleading guilty may have consequences with respect to

Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG § 2L2.2(a).USSG §§ 2T1.9 and 2T4.1, Defendant's base offense level for Conspiracy, in violation of 18 U.S.C. § 371, is 16 because the tax loss is more than $100,000 and less than $250,000;

- in accordance with USSG § 2L2.2(a) Defendant's base offense level for Naturalization Fraud is 8.

- Pursuant to the grouping rules set forth in USSG § § 3D1.1 *et seq.*, the offenses do not group and one level is added to the base offense of the Conspiracy count, resulting in an adjusted offense level of 17.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the USSG or for a sentence outside the USSG under the factors set forth in 18 U.S.C. § 3553(a), except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from, or a sentence outside, the USSG, except as set forth below.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing,

2

Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)    Fails to provide truthful information about Defendant's financial status;

(e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)    Intentionally fails to appear in Court or violates any condition of release;

(h)    Commits a crime;

(i)    Transfers any asset protected under any provision of this Plea Agreement; or

(j)    Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a)    incarceration at the low-end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

(b)    a fine within the Guidelines sentencing range as calculated by the Court at

3

sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)    24 months of supervised release;

(d)    a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so); and

(e)    restitution in the amount not less than $150,000.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

The parties agree jointly to recommend that the Court order restitution to the Internal Revenue Service ("IRS") in an amount not less than $150,000.00.

The parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the period of supervised release or probation, Defendant must, to the extent of his ability, within six months of sentencing or release from custody, whichever is later:

(i)    cooperate with the Examination and Collection Divisions of the IRS;

(ii)    provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(iii)    provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(iv)    file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

(v)    make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5.    Protection of Assets for Payment of Restitution and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been

4

restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

> (a)  Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;
>
> (b)  Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and
>
> (c)  Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Plea Agreement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

6.  Waiver of Rights to Appeal and to Bring Future Challenge

> (a)  Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) should be set aside or reduced.
>
> (b)  Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).
>
> (c)  Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 15 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's

Guidelines analysis is different from that set forth in this Plea Agreement.

(d) This Plea Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant understands and acknowledges that the U.S. Attorney has retained all appeal rights.

(e) Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

7. Other Post-Sentence Events

(a) If, despite the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c)).

(b) If, despite the waiver provision of sub-paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

8. Court Not Bound by Plea Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's

6

calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

### 9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

### 10. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

### 11. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

### 12. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

### 13. Who Is Bound By Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

7

14.    Complete Plea Agreement

No other promises, representations or agreements have been made other than those set forth in this Plea Agreement. This Plea Agreement can be modified or supplemented only in a written document signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John A. Capin.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:

SARAH E. WALTERS
Chief, Economic Crimes Unit
STEPHEN E. FRANK
Deputy Chief, Economic Crimes Unit

JOHN A. CAPIN
ERIC P. CHRISTOFFERSON
Assistant U.S. Attorneys

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Riaz Ali Shah
Defendant

Date: 3/17/17

I certify that Riaz Ali Shah has had this Plea Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Daniel W. Cronin
Attorney for Defendant

Date: 3/17/17

9